# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NESTER LEON,**

    **Petitioner,**

**VS.**                                                 **CASE NO. 6:25-cv-490-JA-DCI**

                                                                    **(6:19-cv-1882-JA-DCI)**

                                                                    **(6:14-cr-238-JA-DCI)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

_____

## ORDER

THIS CAUSE comes before the Court on Petitioner's "Motion Challenging Subject Matter Jurisdiction Under *Bousley*[1] and *Bailey*.[2]" (Doc. 1). This motion was originally filed in *United States v. Leon*, No. 6:14-cr-238-JA-DCI, Doc. 264 (M.D. Fla. Nov. 12, 2024).[3] However, because the motion challenges the validity of Petitioner's conviction under 18 U.S.C. § 924(c) in that criminal case, the Court construes the motion as a Motion to

---

[1] *See Bousley v. United States*, 523 U.S. 614 (1998).

[2] *See Bailey v. United States*, 516 U.S. 137 (1995).

[3] References to documents in the instant case are "Doc." References to documents in Leon's first § 2255 civil action, civil case No. 6:19-cv-1882-JA-DCI, are "Doc. cv." References to documents in Leon's criminal case, No. 6:14-cr-238-JA-DCI, are "Doc. cr." and the case will be referred to as the "criminal case."

Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The motion has accordingly been filed as such in the present case.

Upon review, Petitioner previously filed a 28 U.S.C. § 2255 motion, which was denied on November 1, 2022. (Doc. cv. 80; Doc. cv. 81; Doc. cr. 229; Doc. cr. 230). The present motion is therefore a second or successive application for relief. Before Petitioner will be permitted to file a second or successive § 2255 motion in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244, 2255. Consequently, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit.

Petitioner should be aware that § 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive § 2255 motion. Furthermore, § 2255 imposes a time limitation on the filing of a § 2255 motion.

Also before the Court is a document filed by Petitioner titled "Supplemental Document in Support of Defendant's 18 U.S.C. § 3582(c)(c)(1)(A) [Motion]." (Doc. 2). This document was originally entered in the criminal case (Doc. cr. 265) and was considered in connection with the pro se motion under 18 U.S.C. § 3582 for compassionate release, (Doc. cr. 254; Doc.

cr. 267). It was entered in this case in error. Therefore, it will be stricken here.[4]

Accordingly, it is **ORDERED** as follows:

1. This case is hereby **DISMISSED without prejudice**.

2. Petitioner's "Supplemental Document in Support of Defendant's 18 U.S.C. § 3582(c)(c)(1)(A) [Motion]" (Doc. 2) is **STRICKEN** in this case.

3. The Clerk of the Court is directed to send Petitioner an "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence 28 U.S.C. § 2255 By a Prisoner in Federal Custody" form.

4. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

5. The Clerk of the Court is directed to file a copy of this Order in Criminal Case No. 6:14-cr-238-JA-DCI and terminate the § 2255 motions (Doc. cr. 264; Doc. cr. 266) pending in that case.

6. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner fails to make

---

[4] However, it will not be stricken, and will remain a part of the record, in the criminal case.

a substantial showing of the denial of a constitutional right.

Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida on April 8, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

4